```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**GEORGE LUTHER COOK, III, #339210,**

        Petitioner,

v.                                                                                  2:06CV610

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.   STATEMENT OF THE CASE

#### A.   Background

On October 3, 2003, in the Circuit Court for the City of Norfolk, Virginia, petitioner pled guilty to and was convicted of petty larceny (third offense). Petitioner was sentenced to five years imprisonment, with four years suspended. Pursuant to a plea agreement, upon release from custody, petitioner was subject to a probation for a period of three years. Petitioner did not appeal his conviction.

On February 3, 2004, petitioner was released on mandatory parole, with the requirement that he report to a probation officer. (Resp. to Resp't Mot. to Dismiss, Ex. 3 at 1.) However, petitioner failed to report to his probation officer, and furthermore, he was arrested on new felony charges. On September 3, 2004, the trial court revoked petitioner's probation and reinstated the previously suspended four-year sentence.

Petitioner appealed to the Virginia Court of Appeals, but the appeal was denied on March 16, 2005.  Petitioner filed an appeal in the Supreme Court of Virginia, but the court denied the appeal on August 18, 2005.

Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, attacking his original sentence and guilty plea, but on April 5, 2005, the petition was refused.  Rehearing was refused on September 23, 2005.

Petitioner filed a second state habeas petition in the Norfolk Circuit Court, attacking his original conviction, but on August 2, 2005, the petition was denied as successive.  Petitioner then filed a petition for writ of habeas corpus in this Court, attacking his original conviction (2:05CV427), but on May 19, 2006, the petition was dismissed.

Petitioner filed a third state habeas petition in the Supreme Court of Virginia, attacking the revocation proceeding of October 3, 2004.  On January 26, 2006, the petition was refused.

On October 23, 2006, petitioner filed a habeas petition in this Court, and on January 5, 2007, respondent filed a motion to dismiss and Rule 5 answer.  This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1. Counsel failed to interview alibi witnesses requested by petitioner;

2. Counsel failed to investigate petitioner's claims that he was told he had no probation or parole;

3. Counsel failed to raise the following claims on appeal:

    a. witness's testimony was biased and based on hearsay;

    b. the court failed to consider alternative punishment;

    c. the Virginia Department of Corrections (VDOC) failed to notify petitioner that he was subject to probation;

    d. the trial court incorrectly concluded that petitioner had previously violated probation and parole in Minnesota;

    e. the court improperly sentenced petitioner, in breach of the plea agreement;

    f. on September 4, 2004, the court improperly violated petitioner's probation on the same condition previously rejected on March 24, 2004;

    g. the prosecution introduced prejudicial evidence of unrelated arrest;

4. Counsel failed to communicate with petitioner;

5. Counsel failed to offer mitigation evidence;

6. Due process violation occurred when the VDOC did not give petitioner a preliminary hearing mandated by <u>Gagnon v. Scarpelli</u>;

7. The evidence was insufficient to show that petitioner knew he was on probation;

8. The prosecution withheld exculpatory evidence that petitioner did not violate probation;

9. Petitioner is actually innocent of the violation because he was told by the VDOC that he was not on probation or parole;

10. Petitioner, having not been aware that he was on probation, should not be held to have violated the suspended sentence;

11. The sentence revocation was unconstitutional because it was the result of an ambiguous plea agreement; and

12. The Supreme Court of Virginia incorrectly applied federal law on petitioner's ineffective assistance of counsel claim.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light

3

most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In <u>Fields v. Murray</u>, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. <u>See id.</u> at 1032-33 (citing <u>Rushen v. Spain</u>, 464 U.S. 114, 120 (1983); <u>Sumner v. Mata</u>, 455 U.S. 591, 598 (1982)).  As stated in <u>Marshall v. Lonberger</u>, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  <u>Id.</u> at 432.

### C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>    (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(i)  there is an absence of available State corrective process; or
>
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>    . . . .
>
>    (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of

> the State, within the meaning of this section, if
> he has the right under the law of the State to
> raise, by any available procedure, the question
> presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D.  Procedural Default

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the
> trial court or the commission before which the case
> was initially tried unless the objection was stated
> with reasonable certainty at the time of the ruling
> . . . .

Va. S. Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction

6

ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and

---

[1] The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code. Bassette, 915 F.2d at 936. Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

7

> adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

**1. Claims 1, 2, 3, 4 and 5 are procedurally defaulted.**

Petitioner alleges that he received ineffective assistance of counsel due to counsel's failure to:

    (a)   interview alibi witnesses, (Claim 1);

    (b)   investigate petitioner's claim that he was unaware of being on probation or parole, (Claim 2);

    (c)   raise the following claims on appeal:

        (1)   witnesses' testimony was biased and based on hearsay, (Claim 3(a));

        (2)   the court failed to consider alternative punishment, (Claim 3(b));

        (3)   the VDOC failed to notify petitioner that he was subject to probation, (Claim 3(c));

        (4)   the trial court incorrectly concluded that petitioner had previously violated probation and parole in Minnesota, (Claim 3(d));

8

      (5)    the court improperly sentenced petitioner in breach of the plea agreement, (Claim 3(e));

      (6)    on September 4, 2004, the court improperly violated petitioner's probation on the same condition previously rejected on March 24, 2004, Claim (3(f));

      (7)    the prosecution introduced prejudicial evidence of unrelated arrest, (Claim 3(g));

  d.    Counsel failed to communicate with petitioner, (Claim 4); and

  e.    Counsel failed to offer mitigation evidence, (Claim 5);

However, petitioner did not raise these claims on direct appeal, despite the fact that Virginia law required him to do so. <u>Bassette</u>, 915 F.2d at 936.

Petitioner did raise the issues in a state habeas petition in the Supreme Court of Virginia, and the court addressed the issues on the merits under the two-prong test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The court found that each of petitioner's claims failed to meet either or both of the prongs required to demonstrate that counsel was ineffective.

Petitioner now attempts to strengthen his situation before this Court with new facts and additional arguments that were not raised before the Supreme Court. Unfortunately, petitioner ignores a long-standing rule that a petition for habeas corpus cannot raise in federal court new facts not presented to the state court. <u>Keeney v. Tamayo Reyes</u>, 504 U.S. 1, (1992). The claims are procedurally defaulted and should be DISMISSED.

    **2.  <u>Claims 6, 8, 9, and 11 are procedurally defaulted</u>**.

Petitioner asserts that the VDOC violated his due process rights by denying him a preliminary hearing, (Claim 6); that the prosecution withheld exculpatory evidence, (Claim 8); that he is actually

innocent of a violation, (Claim 9); and that the revocation of his sentence is unconstitutional because of an ambiguous plea agreement, (Claim 11). Petitioner raised each of the claims in his habeas petitions before the Supreme Court of Virginia, but the court determined that the claims were barred from review because they could have been raised at trial, but were not, nor were they raised on direct appeal. The claims are procedurally defaulted and should be DISMISSED.

### 3. **Claim 10 is Procedurally Defaulted.**

Petitioner asserts that he cannot be held accountable for failing to show for probation because he was never informed that he was on probation. Petitioner raised this claim in his state habeas petition, but pursuant to Slayton, the Supreme Court determined that petitioner, having had the chance to raise this claim on appeal but did not, could not alternatively raise it in a habeas petition. The claim is procedurally defaulted and should be DISMISSED.

### E. **Claim 12 is Noncognizable**.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted). In the arena of habeas corpus, federal courts are allowed to "intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983) (citation omitted). Therefore, if petitioner's claims do not allege a constitutional violation, his claims will fail because they are noncognizable in a federal habeas petition. See Ramdass v. Angelone, 530

U.S. 156, 120 S.Ct. 2113, 2119 (2000); Engle v. Isaac, 456 U.S. 107, 119 (1982); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999); Fisher v. Angelone, 163 F.3d 835, 854 (4th Cir. 1998); Huffington v. Nuth, 140 F.3d 572, 584 (4th Cir. 1998); Robinson v. Cross, 121 F. Supp.2d 882, 884 (E.D. Va. 2000); Satcher v. Netherland, 944 F. Supp. 1222, 1250 (E.D. Va. 1996); Griffin v. Virginia, 606 F. Supp. 941, 946 (E.D. Va. 1985).

Petitioner asserts that the Supreme Court of Virginia erred in its construction of federal law concerning ineffective assistance of counsel. To the effect that petitioner wished to attack the Supreme Court's application of the law, he was entitled to file a motion for rehearing but failed to do so in a timely manner, choosing instead to file a habeas corpus petition in federal court. Because petitioner had an opportunity to seek relief in the state court for what he believed was a faulty decision, he is incorrect in concluding that his concern was a "federal issue" and that he could raise it in a federal habeas petition before first raising it in state court.

The claim attacks the judgment of the Supreme Court of Virginia in its interpretation of federal law, not the legality of petitioner's detention. While the policy against noncognizable claims is at its strongest when a petitioner asks a federal court to override a state court's interpretation of its own law, Wainwright v. Goode, 464 U.S. at 83, limits the scope of review over states to only those holdings that might violate the Constitution. In this case, petitioner's claim is too vague to merit a federal review of state judicial reasoning. As the breadth of federal law is quite deep, one cannot assume that the claim necessarily merits a presumption of a constitutional attack. Nor may a specific constitutional attack be grounds to obtain an evidentiary hearing. Rather, it would merely allow for review on the merits, where

it faces a substantial probability of dismissal. The claim is noncognizable and should be DISMISSED.

### F. The Evidence at Trial Was Sufficient to Support a Conviction.

The standard of review in a habeas corpus proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). In Wright v. West, 505 U.S. 277 (1992), the Supreme Court held that:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution," that the prosecution need not affirmatively "rule out every hypothesis except that of guilt," and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

Id. at 207-97 (citations omitted). In the present case the Court has fully reviewed the trial transcripts and has determined that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to convict petitioner.

Petitioner asserts that the evidence was insufficient to convict him of a probation violation, since he was unaware that he was on probation. At petitioner's revocation hearing, the trial court did not find petitioner's defense that he did not know he was required to report to a probation officer credible. To support her reasoning, the court noted that since petitioner had been in the judicial system for over thirty years, and had "previously been revoked in parole status,"

12

he should have known that upon release from custody, he would be on probation and required to report to a probation officer. Petitioner's "attempts to feign no knowledge" failed, and there was sufficient evidence to show that he should have known he was on probation. (Unmarked Ex. to Pet. (following Ex. 7), Final Disposition Ord., 10/3/04 at 1.)

Petitioner raised this claim in his appeals in state court. It is important to note that in the original appeal, petitioner conceded that the trial court had placed him on supervised probation, but he claims he did not hear the court because he was talking to his attorney. (Pet. for App., Va. Ct. App. at 5.) The appeals were rejected, and the revocation of petitioner's sentence was upheld, a testament to Virginia's interpretation that the trial court was right in holding that the evidence was sufficient to prove that petitioner violated his probation.

Petitioner's claim fails the standard in <u>Jackson</u>, as three distinct levels of the state court determined that the fact that the trial court imposed probation, combined with petitioner's criminal history and failure to report to his probation officer, laid out the necessary elements in such a way that a reasonable trier of fact would find reason to determine that petitioner had violated probation. The claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules

of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
**James E. Bradberry**
**United States Magistrate Judge**

**Norfolk, Virginia**

    June 4    , 2007

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

George Luther Cook, #339210, <u>pro</u> <u>se</u>
Deerfield Correctional Center
21360 Deerfield Dr.
Capron, VA 23829


Thomas D. Bagwell, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219

                                 Fernando Galindo, ¶Clerk


                                 By _____
                                        Deputy Clerk

_____, 2007