```
                    UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          Norfolk Division
```

**GEORGE LUTHER COOK, III, #339210,**

        Petitioner,

v.                                                          2:06CV610

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        Respondent.

### FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to the revocation of a previously suspended four-year sentenced related to petitioner's convictions on October 3, 2003, in the Circuit Court for the City of Norfolk, Virginia, for petty larceny (third offense).

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on June 4, 2007. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. By Order of June 19, 2007, petitioner's motion for an extension of time within which to file his objections was granted to August 15, 2007. By Order of August 15, 2007, petitioner's second motion for an extension of time was denied. On August 28, 2007, the Court received petitioner's "Response to Magistrate Report and Recommendation."

The Court, having reviewed the record and examined the objections filed by petitioner and having made <u>de</u> <u>novo</u> findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed June 4, 2007. It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the basis of petitioner's procedural defaults in the state system and on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the absence of an evidentiary hearing, the objection is without merit. The record justifies the Magistrate's determination that an evidentiary hearing is not necessary to resolve the issues in this case. Petitioner, who was represented by excellent counsel, entered a guilty plea to his original charge, was sentenced, and served time in prison. When he was released, he failed to report to probation, in spite of having been given three years of active probation. His failure to comply with the trial court's order, and to be aware of his precise circumstances upon release, does not require an evidentiary hearing. There are simply no "facts in dispute" that need to be resolved.

To the extent that petitioner claims his counsel rendered ineffective assistance, the claim is without merit. Petitioner's counsel was representing a three-time loser, who ignored the sentencing order of the judge who gave him probation, in a case where petitioner had been given a huge break. The Virginia Court of Appeals found neither inadequate performance nor prejudice, and their conclusions are supported by the record.

2

To the extent that petitioner claims "actual innocence," the claim is unsupported by the record and is without merit. Petitioner has been in jail and/or prison on more than one occasion. At sentencing, petitioner was informed that he would be required to serve three years of active probation following his release. If petitioner chose to disobey or ignore the judge's order, then he was accountable for the consequences of such action. There is no issue of "actual innocence" to be addressed.

To the extent that petitioner objects to the Magistrate Judge's conclusion that the state court addressed issues of incompetent counsel by relying upon <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the objection is without merit. The Order of the Virginia Court of Appeals dated April 5, 2005, refers repeatedly to <u>Strickland</u>, in denying petitioner's claims.

To the extent that petitioner objects to the Magistrate Judge's conclusions regarding the nature of petitioner's claims, the objection is without merit. A review of the record reveals that the Magistrate Judge had a clear understanding of the facts, and he has not arrived at conclusions which contradict the facts.

To the extent that petitioner objects to the Magistrate Judge's conclusion that most of petitioner's claims are procedurally default, the objection is without merit. Petitioner has filed numerous appeals and habeas claims, state and federal, in pursuit of relief. While he has been persistent, he has not been consistent. Most of petitioner's claims have never been raised in the Supreme Court of Virginia, where they needed to be addressed. Therefore, petitioner's failure to properly pursue relief has led to most of his claims being

procedurally defaulted. Petitioner's arguments cannot correct his failure to do what is essential to preserve issues for resolution on the merits.

Finally, the Court is struck by petitioner's recent pursuit of "the truth." While the Court profoundly appreciates the importance of "truth" in legal matters, it has discovered that "truth" frequently depends upon the relative positions of the parties. It is true that the state court in this case ordered probation, but what is questioned by petitioner is whether he knew that "truth." Petitioner denies that he did; yet, he is contradicted by the record and his own experience. One phone call upon petitioner's release would have obviated the necessity for this action. What petitioner wants to do is bend the facts to suit his needs, leading to a "new" truth that serves his interests. Neither the record nor the law supports such action.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

4

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

                                                  **/s/ Jerome B. Friedman**
                                                  **UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**September 19, 2007**